IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jason Webb,

       Plaintiff,

    v.                      Case No. 2:10-cv-814

                             JUDGE EDMUND A. SARGUS, JR.
Commissioner of Social         Magistrate Judge Kemp
Security,

       Defendant.

## OPINION AND ORDER

       This social security disability case is before the Court to consider plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412.  For the following reasons, the motion (Document 21) will be granted.

I.

       Plaintiff filed this action to contest an adverse decision on his applications for social security disability benefits and supplemental security income.  He initially alleged a disability going back to 2001, but later amended his claim, asking for benefits from September 23, 2005 forward.  The primary condition for which he sought disability was a back problem, but he was involved in a motor vehicle accident in 2008 in which he broke several fingers and his wrist, and he testified to problems with his right hand after that date.  Medical records confirmed that he had broken his wrist in the accident.

       The ALJ found that plaintiff had a number of severe impairments, but none relating to his hands or wrists.  She also found that he was able to perform both fine and gross manipulation. At the administrative hearing, a vocational expert had expressed some reservations about whether plaintiff could do many jobs if he had limitations on his ability to grasp and do fine manipulation, but identified jobs that he could do if he did not have such limitations.  The ALJ relied on that latter testimony in denying benefits.

       The case was reviewed by the Magistrate Judge, who recommended that the Court sustain

plaintiff's single assignment of error. In that assignment of error, plaintiff argued that the ALJ failed to take the limitations he experienced with respect to his fingers, hands and wrists into account in deciding if he could still work. The Commissioner did not object to the recommendation of a sentence four remand, and the Court ordered such a remand when it adopted the Report and Recommendation. Plaintiff now argues that the Commissioner's litigation position was not substantially justified and that he is entitled to recover his attorneys' fees ($1,862.50) under the EAJA. The Commissioner's response does not take issue with the amount or reasonableness of the fee requested, but does contest plaintiff's entitlement to it.

II.

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award. It must also document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified. Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially

justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." Pierce, supra, at 565. As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

III.

In arguing that his litigation position was substantially justified, the Commissioner advances essentially the same argument which he made in response to plaintiff's statement of errors - that although there was a good deal of evidence in the record about plaintiff's hand and wrist injury, some of which the ALJ did not specifically mention or discuss, most of it consisted of little more than the plaintiff's own report of symptoms. Because the ALJ had found plaintiff not to be fully credible, the Commissioner argued that it would have been appropriate to discount this evidence.

The Magistrate Judge found this argument unconvincing for a number of reasons, not the least of which was that the rationale advanced by the Commissioner in this Court for discounting this evidence was not to be found anywhere in the ALJ's decision. The Magistrate Judge further noted that the argument that there was no objective evidence (as opposed simply to plaintiff's subjective complaints) of an ongoing injury was not supported by the record, and that it was not possible to follow the ALJ's chain of reasoning from not giving controlling weight to the opinion of plaintiff's physical therapist because he was not a medical source to essentially giving his findings no weight at all, especially when the ALJ neither articulated the weight she actually assigned to this evidence or why it was assigned that weight. Finally, the ALJ also appeared to

have conflated the concepts of whether an injury is disabling in and of itself with whether it is severe, commenting generally that the plaintiff's complaints of pain in his hands and wrists were not sufficient to show that he could not engage in work of some type, but then finding that the condition was not even severe - a finding that must be based on evidence that the condition imposes no more than a slight limitation on a claimant's ability to do work-related activities. See Salmi v. Secretary of H.H.S., 774 F.2d 685, 691-92 (6th Cir. 1985).

Given these deficiencies, it should have been reasonably apparent to the Commissioner that a sentence four remand was needed in order to have the ALJ properly review the evidence and then articulate a rationale for how it factored into the ultimate decision. As another court has noted, " if the case for remand is strong and clear-cut, ...it will probably be an abuse of discretion to deny fees." Purvis v. Barnhart, 2006 WL 3354518, *2 (S.D. Ind. November 16, 2006), citing Golembiewski v. Barnhart, 382 F.3d 721 (7th Cir.2004). That is especially so when the ALJ's decision does not accurately characterize the evidence or properly evaluate medical opinions, see Brienzo v. Astrue, 2008 WL 1734612, *2 (E.D. Cal. April 11, 2008), or when it selectively considers that evidence, see Howard v. Barnhart, 376 F.3d 551 (6th cir. 2004); see also Carlisle v. Barnhart, 2008 WL 420032 (S.D. Ohio February 14, 2008). For similar reasons, the Court concludes that this is a case where the Commissioner's litigation position fails the "substantially justifies" test and that plaintiff is entitled to an award of fees under the EAJA.

IV.

For all of these reasons, the Court **GRANTS** plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act (Document 21). Plaintiff is awarded fees in the amount of $1,862.50. This award is made to the plaintiff and not counsel, and the Commissioner is free to make an appropriate determination about the propriety of making payment to counsel should an assignment of the fee have occurred.

**IT IS SO ORDERED.**

9-8-2011
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

-4-